

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print                         Logon

### 13JE-AC01644 - ASHLEY KIRCHER V APELLES LLC

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ⦿ Descending ◯ Ascending          Display Options: All Entries

---

**04/11/2013**      **Motion Special Process Server**
                    FREEMAN PROCESS SERVICE

                    **Summons Issued-Associate**
                    Document ID: 13-ADSM-1433, for APELLES LLC.

                    **Civil Setting Scheduled**
                      **Scheduled For:** 05/15/2013; 9:00 AM ; STEPHEN DWIGHT BOUCHARD; Jefferson

**04/05/2013**      **Pet Filed in Associate Ct**
                    **Judge Assigned**

---

Case.net Version 5.13.2.2                    Return to Top of Page                    Released 12/14/2012

## EXHIBIT A



# IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| Judge or Division:<br>STEPHEN DWIGHT BOUCHARD | Case Number: 13JE-AC01644 |
|---|---|
| Plaintiff/Petitioner:<br>ASHLEY KIRCHER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RICHARD ANTHONY VOYTAS JR<br>11 N TAYLOR<br>ST LOUIS, MO 63108<br>(314) 600-3323 |
| Defendant/Respondent:<br>APELLES LLC | Date, Time and Location of Court Appearance:<br>15-MAY-2013, 09:00 AM |
| Nature of Suit:<br>AC Other Tort | **Division 12 Courtroom<br>P O BOX 100<br>300 MAIN ST<br>HILLSBORO, MO 63050** |

(Date File Stamp)

## Associate Division Summons

| The State of Missouri to: | APELLES LLC   SERVE REGISTERED AGENT: MICHAEL E FITZMARTIN<br>Alias: |
|---|---|

3700 CORPORATE DRIVE
SUITE 240
COLUMBUS, OH 43231



*COURT SEAL OF*

*JEFFERSON COUNTY*

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

04-11-2013     HOWARD WAGNER, CIRCUIT CLERK     JAN UHLENBROCK , DEPUTY CLERK :

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name ) _____ (title).

☐ other_____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                                Date                                    Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ (_____ miles @ $._____ per mile) | |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**IN THE CIRCUIT COURT
JEFFERSON COUNTY
STATE OF MISSOURI**

F I L E D

APR 0 5 2013

CIRCUIT CLERK

| | | |
|---|---|---|
| **ASHLEY KIRCHER** | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | |
| | ) | Division |
| **APELLES, L.L.C.** | ) | |
| | ) | |
| Serve at: | ) | |
| Michael E. Fitzmartin, Registered Agent | ) | |
| 3700 Corporate Drive, Suite 240 | ) | |
| Columbus, Ohio 43231 | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## INTRA-STATE CLASS ACTION PETITION

COMES NOW, Plaintiff, Ashley Kircher, and for her Class Action Petition

states as follows:

### INTRODUCTION

1.     Plaintiff demands a jury trial on all issues so triable.

2.     This is an action for damages brought by an individual consumer on behalf of

herself and all other consumers located in Missouri and similarly situated for Defendant's

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter

"FDCPA") and for Defendant's violations of the Telephone Consumer Protection Act of

1991("TCPA"), 47 USC 227 *et. seq.*

### JURISDICTION

3.     This Court has jurisdiction of the FDCPA claim under 15 USC 1692k(d) because

Defendant is located in, and all collection activity occurred in, Jefferson County, Missouri.

4.     This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b) because

all autodialed calls were directed to Plaintiff's cellular phone located in Jefferson County,

Missouri.

1

## PARTIES

5.     Plaintiff is a natural person currently residing in Jefferson County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

6.     Plaintiff maintains and pays monthly charges for a personal cellular telephone with a telephone number ending with 7882.

7.     Defendant is a foreign limited liability corporation with its principal place of business in Columbus, Ohio.  The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

8.     Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a(6)*.

## FACTS

9.     Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

10.     Defendant's collection activity consisted of numerous telephone calls to Plaintiff's cellular phone and place of employment, collection letters, and a live conversation in mid-February 2013.

11.     Since at least the beginning of February 2013, Defendant has made numerous calls to Plaintiff's cellular telephone.

12.     After each of its calls, Defendant left Plaintiff a voice message.

13.     Defendant did not identify itself as a debt collector or that it was attempting to collect a debt in the voice messages.

2

14.     For example, on February 6, 2013, Defendant left the following voice message: "This message is for Ashley Kircher. This is Christine giving you a call back from Apelles. Will you please return my call, 1-800-825-4425. Thank you."

15.     In mid-February 2013, Plaintiff called Defendant to obtain more information about its collection activity.

16.     During the mid-February call ("the call"), Defendant admitted that it had called Plaintiff employer.

17.     Though it did remove Plaintiff's employer's number at her request, Defendant had no reason to call her employer in the first instance.

18.     Defendant admitted in the call that it had Plaintiff's correct mailing address and telephone number.

19.     Defendant's phone calls for Plaintiff were placed from Defendant's automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone number that is registered to the Defendant.

20.     Specifically, Defendant's dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

21.     Those phone calls were made to Plaintiff's cellular phone and she was charged for those phone calls.

22.     Plaintiff never entered into any agreement whereby she provided express consent for Defendant to place calls to her cellular phone with Defendant's automatic telephone dialing system.

23.     To the best of Plaintiff's recollection, she never agreed to any arbitration or class waiver provisions (either with her original creditor or any other party) that could apply to any of her claims against Defendant.

3

24.     Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to cellular telephone charges, anxiety, sleeplessness, and worry.

25.     If the Court certifies the proposed classes, Plaintiff will forego her claim for actual damages.

### CLASS ALLEGATIONS

26.     Upon information and belief, it is Defendant's routine practice to violate the FDCPA by leaving telephone messages without identifying itself as a debt collector or that it was attempting to collect a debt.

27.     Upon information and belief, it is Defendant's routine practice to violate the TCPA by using an automatic dialer to call consumers' cellular phones without the consumers' express consent in non-emergency situations.

28.     This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The two-part class consists of the following persons:

    a.  Part one (the "FDCPA class"): all persons with a Missouri postal address owing a consumer debt with whom Defendant left a telephone message in an attempt to collect a debt during the one-year period beginning before the filing of the original Petition in which Defendant did not include in the message:  (a) that it was a debt collector; or (b) that the purpose of the call was to collect a debt;

    b.  Part two (the "TCPA class"): all persons with a Missouri postal address to whom Defendant placed any call using an automatic telephone dialing system where the person did not expressly consent to Defendant calling the person's cellular telephone during the four year period beginning before the filing of the original Petition.

4

29.    Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendant is a high volume debt collector that attempts to collect many hundreds of consumer debts in Missouri.

30.    Upon information and belief, Defendant has engaged in the improper collection communications and telephone calls described above with at least hundreds of consumers in Missouri.

31.    Plaintiff is a member of the class she seeks to represent.

32.    There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

33.    Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action.  Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent her from litigating this matter fully.  Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

34.    A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection and telephone contact by the Defendant.

35.    Most, if not all, the facts needed to determine damages are obtainable from the Defendant's records.

36.    The purposes of the FDCPA and the TCPA will be best effectuated by a class action.

5

37.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

38.     Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

39.     Many, if not all, class members are unaware that claims exist against the Defendant.  There will be no unusual difficulty in the management of this action as a class action.

40.     Five common questions of law and fact predominate over all individual questions in this action.  The common questions are whether: (1) Defendant is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Defendant has sought to collect from class members constitute "consumer debt" under the FDCPA; (3)  whether Defendant identified itself as a debt collector or state that it was attempting to collect a debt when leaving messages for class members; (4) whether Defendant used an autodialer to contact class members' cellular phones; and (5) whether Defendant's autodialed calls were authorized by the class members for a non-emergency purpose.

41.     Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

42.     Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action.  Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

43.     *All Class members have been damaged in precisely the same fashion, by precisely the same conduct.  The loss suffered by individual Class members is calculable and ascertainable.*

6

## COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

44.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

45.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

46.     Failing to identify itself as a debt collector or that it was attempting to collect a debt in communications with a consumer.  15 U.S.C. § 1692e.

47.     Communicating with third parties, including but not limited to Plaintiff's employer, without Plaintiff's prior consent and not for the purpose of obtaining location information.  15 U.S.C. § 1692c.

48.     Engaging in deceptive, harassing, and unfair conduct in the collection of a debt. 15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that the Court certify the above-proposed FDCPA class, appoint her as class representative, appoint the undersigned as class counsel, and also requests that judgment be entered against Defendant for:

A.     Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k);

B.     In the event that the Court does not certify the proposed classes, actual damages; and

C.     For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

49.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

50.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

a.     By placing non-emergency phone calls to Plaintiff's cellular phone without the prior express consent of Plaintiff.  47 USC 227(b)(1)(A)(iii).

7

WHEREFORE, Plaintiff respectfully requests that the Court certify the above-proposed TCPA class, appoint her as class representative, appoint the undersigned as class counsel, and also requests that judgment be entered against Defendant for:

A.      Statutory damages pursuant to 47 USC (b)(3); and

B.      For such other relief as the Court may deem just and proper.

**VOYTAS & COMPANY**

**RICHARD A. VOYTAS, JR. #52046**
**NATHAN K. BADER #64707**
**Voytas & Company**
**1 North Taylor Avenue**
**St. Louis, Missouri 63108**
**Phone: (314) 932-1068**
**rickvoytas@gmail.com**
**nathan.kennedy.bader@gmail.com**