IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **ASHLEY KIRCHER** | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. 4:13-cv-892JAR |
| v. | ) |
| | ) |
| **APELLES, L.L.C.** | ) |
| | ) |
| | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

**FIRST AMENDED CLASS ACTION PETITION**

COMES NOW, Plaintiff, Ashley Kircher, and for her First Amended Class Action Petition states as follows:

**INTRODUCTION**

1. Plaintiff demands a jury trial on all issues so triable.

2. This is an action for damages brought by an individual consumer on behalf of herself and all other consumers located in Missouri and similarly situated for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

**JURISDICTION**

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k(d) because Defendant is located in, and all collection activity occurred in, Jefferson County, Missouri; Defendants properly removed Plaintiff's original Petition to this Court after Plaintiff filed it in Jefferson County, Missouri.

**PARTIES**

4. Plaintiff is a natural person currently residing in Jefferson County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

1

5. Plaintiff maintains and pays monthly charges for a personal cellular telephone with a telephone number ending with 7882.

6. Defendant is a foreign limited liability corporation with its principal place of business in Columbus, Ohio. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a(6)*.

## FACTS

8. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

9. Defendant's collection activity consisted of numerous telephone calls to Plaintiff's cellular phone.

10. After many of its calls, Defendant left Plaintiff a voice message.

11. All of Defendant's voice messages were collection communications designed to collect the debt.

12. Defendant did not identify itself as a debt collector or that it was attempting to collect a debt in the voice messages.

13. For example, on February 6, 2013, Defendant left the following voice message: "This message is for Ashley Kircher. This is Christine giving you a call back from Apelles. Will you please return my call, 1-800-825-4425. Thank you."

14. Defendant's phone calls were made to Plaintiff's cellular phone and she was charged for those phone calls.

15. To the best of Plaintiff's recollection, she never agreed to any arbitration or class waiver provisions (either with her original creditor or any other party) that could apply to any of her claims against Defendant.

16. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to cellular telephone charges, anxiety, sleeplessness, and worry.

17. If the Court certifies the proposed class, Plaintiff will forego her claim for actual damages.

## CLASS ALLEGATIONS

18. Upon information and belief, it is Defendant's routine practice to violate the FDCPA by leaving telephone messages without identifying itself as a debt collector or that it was attempting to collect a debt.

19. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The two-part class consists of the following persons:

   a. The "FDCPA class": all persons with a Missouri postal address owing a consumer debt with whom Defendant left a telephone message in an attempt to collect a debt during the one-year period beginning before the filing of the original Petition in which Defendant did not include in the message: (a) that it was a debt collector; or (b) that the purpose of the call was to collect a debt;

20. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendant is a high volume debt collector that attempts to collect many hundreds of consumer debts in Missouri.

21. Upon information and belief, Defendant has engaged in the improper collection communications and telephone calls described above with at least hundreds of consumers in Missouri.

22. Plaintiff is a member of the class she seeks to represent.

23. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

3

24. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent her from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

25. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection and telephone contact by the Defendant.

26. Most, if not all, the facts needed to determine damages are obtainable from the Defendant's records.

27. The purposes of the FDCPA will be best effectuated by a class action.

28. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

29. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

30. Many, if not all, class members are unaware that claims exist against the Defendant. There will be no unusual difficulty in the management of this action as a class action.

31. Three common questions of law and fact predominate over all individual questions in this action. The common questions are whether: (1) Defendant is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Defendant has sought to collect from class members constitute "consumer debt" under the FDCPA; and (3) whether Defendant identified itself as a debt collector or state that it was attempting to collect a debt when leaving messages for class members.

32. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

33. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

34. All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual Class members is calculable and ascertainable.

### COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

36. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692 et. seq.*, including, but not limited to, the following:

37. Failing to identify itself as a debt collector or that it was attempting to collect a debt in communications with a consumer. 15 U.S.C. § 1692e.

38. Causing Plaintiff to incur charges by concealment when Defendant called Plaintiff's cellular phone and left cryptic messages that failed to adequately identify Defendant as a collector. 15 U.S.C. § 1692d-f.

39. Engaging in deceptive, harassing, and unfair conduct in the collection of a debt. 15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that the Court certify the above-proposed FDCPA class, appoint her as class representative, appoint the undersigned as class counsel, and also requests that judgment be entered against Defendant for:

A. Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k);

B. In the event that the Court does not certify the proposed classes, actual damages; and

C. For such other relief as the Court may deem just and proper.

**5**

Respectfully submitted,

/s/  Richard A. Voytas

Richard A. Voytas, #52046MO
Nathan K. Bader, #64707MO
VOYTAS & COMPANY, LLC
One North Taylor Avenue
St. Louis, Missouri  63108
(314)-932-1068
(314)-667-3161 – Fax
rickvoytas@gmail.com
nathan.kennedy.bader@gmail.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The foregoing document was served on counsel of record listed below on June 27, 2013 via the Court's ECF system:

Joshua C. Dickinson
Patrick T. McLaughlin
SPENCER FANE BRITT & BROWNE LLP
12925 West Dodge Rd. Suite 107
Omaha, NE 68154
jdickinson@spencerfane.com
pmclaughlin@spencerfane.com

/s/ Richard A. Voytas, Jr.